IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JUDITH ALCOCER, | * | |
| Plaintiff, | * | |
| v. | * | CV 615-94 |
| BULLOCH COUNTY SHERIFF'S OFFICE et al., | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Defendants' Motion for Summary Judgment. (Doc. 57.) The key issue in dispute is the reason for Plaintiff's extended detention. Plaintiff claims that Defendants filed her bond but refused to post it — and thus refused to release her — until after I.C.E. removed a hold on her release. Defendants assert that Plaintiff secured a bond and released Plaintiff when the bond posted.

In their reply motion, Defendants argue that Plaintiff's claim of illegal detention fails because she has cited no evidence in the record that (1) Defendants held her beyond the time her bond posted or (2) Defendants subjected her to a second, separate seizure on the basis of her immigration status. The Court agrees.

Federal Rule of Civil Procedure 56(c) states that "a party asserting that a fact cannot be or is genuinely disputed must

support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." If a party does not cite to the record, a court does not have to consider it. Fed. R. Civ. P. 56(c)(3). Additionally, Local Rule 56 states that "[e]ach statement of material fact shall be supported by a citation to the record. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." Thus, if a party does not provide record citations to an assertion of fact at the summary judgment stage, she risks conceding that assertion of fact.

In her response brief, Plaintiff claims that "[her] sister, Susana Hinojosa obtained a bond for [her, but] [t]he Defendants placed the bond in a file and rather than releasing [her], they kept her without probable cause, without a warrant, based on an erroneous I.C.E. hold, in violation of the Fourth Amendment of the United States Constitution." Plaintiff, however, provides no record citations for these critical assertions. Thus, she has not established a genuine dispute of material fact as to whether Defendants detained her beyond the time she became eligible for release.

2

Fortunately for Plaintiff, the Court does not have to ignore her assertions of fact just because she has failed to provide citations to the record. The Court may "give an opportunity to properly support or address [a] fact." Fed. R. Civ. P. 56(e). Therefore, Plaintiff has until **Monday, September 4, 2017 at 5 p.m.** to re-file her reply and sur-reply briefs with citations to the record supporting all factual assertions. Plaintiff **SHALL** also ensure that all materials cited in her briefs are filed with the Court and appropriately labeled. If Plaintiff chooses not to follow the citation requirements of Rule 56, the Court will not consider her factual assertions.

The Rules of Federal Procedure and the Local Rules exists to help courts fairly and efficiently resolve disputes. At the summary judgment stage, record citations allow the court to quickly locate the evidence supporting each side's factual assertions and determine whether there is a genuine dispute of material fact. They also show respect for the Court. After all, "[j]udges are not like pigs, hunting for truffles buried in briefs." U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

**ORDER ENTERED** at Augusta, Georgia, this 30th day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA